IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACKELINE ESPINOSA RODRIGUEZ** and **LEONARDO DEL RIO DEL TORO**<br><br>     **Plaintiffs,**<br>vs.<br><br>**STEPHEN DIDOMENICO** and<br>**N L MINICH & SONS, INC**<br>     **Defendants.** | **DOCKET NO.:** |

## COMPLAINT

Plaintiffs, Jackeline Espinosa Rodriguez and Leonardo Del Rio Del Toro, by and through their attorneys, Alex Norman, Esquire of Morgan & Morgan Philadelphia, PLLC, and hereby complain against the above-named Defendants, Stephen Didomenico and N L Minich & Sons, Inc., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, Jackeline Espinosa Rodriguez (hereinafter "Plaintiff Rodriguez"), is an adult individual who resides at 1318 Propect Avenue, Lehigh Acres, FL 33972.

2. Plaintiff, Leonardo Del Rio Del Toro (hereinafter "Plaintiff Del Toro"), is and adult individual who resides at 403 E 2nd Street, Madison, Nebraska 68748.

3. Defendant Didomenico (hereinafter "Defendant Didomenico"), is an adult individual who resides at 145 E. South Street, Carlisle, Cumberland County, Commonwealth of Pennsylvania, 17013, who at all relevant times, was the agent, servant, workman and/or employee of NLM&S, and was acting during the course and scope of his employment.

4. Defendant N L Munich & Sons, Inc. (hereinafter "Defendant NLM&S"), is a corporation with a principal place of business located at 211 N Middleton Road 1, Carlisle, Cumberland County, Commonwealth of Pennsylvania, 17013.

5.      At all times material hereto, Plaintiff Rodriguez was the owner and operator of a Black 2019 RAM-350, with Florida license plate number DAE1352.

6.      At all times material hereto, Plaintiff Del Toro, was a passenger of the vehicle that was driven by Plaintiff Rodriguez.

7.      At all times material hereto, Defendant Didomenico was the operator of a Black 2005 Large truck, with Pennsylvania license plate number ZJJ3229.

8.      At all times material hereto, Defendant NLM&S was the owner of the Black 2005 Large truck, with Pennsylvania license plate number ZJJ3229.

## STATEMENT OF JURISDICTION

9.      This case is brought under 28 U.S.C.§1332(a)(1), based upon diversity of citizenship. Because Plaintiffs are citizens of the State of Nebraska, Defendants are all citizens of the Commonwealth of Pennsylvania and the amount in controversy (exclusive of interest and costs) exceeds $150,000.00.  Diversity jurisdiction exists in this Honorable Court. The crash at issue took place in Hampden Township, Commonwealth of Pennsylvania, and all parties are diverse.

## FACTUAL BACKGROUND

7.      On or about September 20, 2021, at approximately 7:58am., Plaintiff Rodriguez was lawfully operating her motor vehicle in the right lane of PA-581 East when she was approaching traffic and began to slow down.

8.      At the same date, time and place, Defendant Didomenico, while under the course and scope of his employment with Defendant NLM&S and operating a very large truck behind Plaintiffs' vehicle, when he suddenly and unexpectedly crashed into the rear Plaintiffs when he was unable to stop due to travelling at an unsafe speed and distance.

9.      At all relevant times hereto, the Plaintiffs acted in a safe, prudent and reasonable manner in no way contributed to their injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## JACKELINE ESPINOSA RODRIGUEZ and
## <u>LEONARDO DEL TORO v. STEPHEN DIDOMENICO</u>

10. Plaintiffs incorporate the preceding paragraphs of their complaint as if set forth herein at length.

11. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and /or employee of Defendant NLM&S consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his Large Truck so as to avoid crashing into the Plaintiffs;

   b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

   c. Driving too fast for the conditions;

   d. Failing to pay proper attention while operating his Large Truck;

   e. Failing to take proper precautions in the operation of his Large Truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiffs;

   f. Operating his Large Truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiffs;

   g. Failing to exercise due care and caution under all of the existing circumstances;

   h. Failing to have his Large Truck under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

   i. Failing to remain alert;

   j. Traveling at an excessive rate of speed under the circumstances;

   k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or large trucks;

   l. Failing to operate his Large Truck in accordance with the Federal Motor Carrier Safety Regulations;

   m. Failing to properly control his Large Truck in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his Large truck;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiffs;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of his employer;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit;

v. Failing to properly inspect his large truck;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours;

x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit;

y. Consciously choosing to drive over the speed limit;

z. Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his Large Truck over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

cc. Consciously choosing to drive at a high rate of speed during rush hour;

dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;

ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his truck; and

ff. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

12. As a result of the negligence and carelessness of the Defendant, Plaintiff Rodriguez suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

   a. Multi-level Fractures of Left 3rd and 4th Ribs;
   b. Traumatic Brain Injury;
   c. Post Traumatic Headaches;
   d. Dizziness;
   e. Spondylosis of the Lumbar Spine;
   f. Lumbar Multi-level facet joint Arthropathy;
   g. Exaggerated Lumbar Lordosis;
   h. Early Spondylosis of the Lumbar and Thoracic spine with Levoscoliosis;
   i. Lumbar Radiculopathy;
   j. L2-3 Disc Herniation with Annular Fissure Flattening the Thecal Sac;
   k. L4-5 Disc Bulge with mild Facet Arthropathy;
   l. L5-S1 Disc Herniation;
   m. Degenerative Disc Disease at C6-7;
   n. Cervical Multi-level facet joint Arthropathy;
   o. Annular Fissure at T2;
   p. Thoracic Early Spondylosis with mild levoscoliosis;
   q. Thoracic Multi-level Facet Joint Arthropathy;
   r. Cervical Strain and Sprain;
   s. Lumbar Strain and Sprain; and
   t. Thoracic Strain and Sprain.

13. As a result of the negligence and carelessness of the Defendant, Plaintiff Del Toro suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

   a. Fractured Left Third Rib;
   b. Displaced Overriding Fracture of the Distal Clavicle;
   c. Degenerative changes of the Acromicroclavicular Joint;
   d. Facial Lacerations and Hematoma;
   e. Traumatic Brain Injury;
   f. Post-traumatic Headaches;
   g. Concussion with Loss of Consciousness;
   h. Right Shoulder Rotator Cuff Tear;
   i. Spondylosis of the Lumbar Spine;
   j. Spondylosis of the Cervical Spine with disc space narrowing more pronounced at C5-6 and C6-7 levels;
   k. Multi-Level Lumbar Spine Disc Bulges at L2-3 and L5-S1;
   l. Lumbar Spine Herniation at L3-4;
   m. Lumbar Spine Disc Space Narrowing at L4-5;
   n. Thoracic Spine Disc Bulge at T11-12;
   o. Thoracic Spine Levoscolosis;

      p. Cervical and Lumbar Multi-level Facet Joint Arthropathy;
      q. Right Shoulder Strain and Sprain;
      r. Left Shoulder Strain and Sprain;
      s. Cervical Sprain and Strain;
      t. Lumbar Sprain and Strain;
      u. Thoracic Sprain and Strain;
      v. Left hip Strain and Sprain; and
      w. Radiating Left Hip Pain.

14. Plaintiffs both sustained arthritic and vascular changes;

15. Plaintiffs both sustained severe shock and injury to their nerves and nervous system;

16. Plaintiffs both in the past required and may in the future continue to require medicines, medical care and attention;

17. Plaintiffs both in the past suffered and will continue to suffer agonizing aches, pains and mental anguish;

18. Plaintiffs both in the past been disabled and may in the future be disabled from performing her usual duties, occupations and avocations.

19. As a result of the carelessness and negligence of Defendant Didomenico, Plaintiffs have suffered property damage and economic losses which are recoverable as damages.

20. As a result of the carelessness and negligence of Defendant Didomenico, Plaintiffs incurred excessive medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

**WHEREFORE**, the Plaintiffs hereby seek all damages allowed from Defendants, in an amount in excess of $150,000.00 and a jury trial is demanded.

<u>**COUNT II**</u>
<u>**NEGLIGENCE / RECKLESSNESS**</u>
<u>**JACKELINE RODRIGUEZ and LEONARDO DEL TORO v.**</u>
<u>**DEFENDANT N L MINCH & SONS, INC., as being**</u>
<u>**vicariously liable for DEFENDANT STEPHEN DIDOMENICO**</u>

7. Plaintiffs incorporate the preceding paragraphs of their complaint as if set forth herein at length.

8. The negligence, carelessness, and/or recklessness of Defendant NLM&S as being vicariously liable for the actions of Defendant Didomenico, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his Large Truck so as to avoid crashing into the Plaintiffs;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions;

    d. Failing to pay proper attention while operating his Large Truck;

    e. Failing to take proper precautions in the operation of his Large Truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiffs;

    f. Operating his Large Truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiffs;

    g. Failing to exercise due care and caution under all of the existing circumstances;

    h. Failing to have his Large Truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Traveling at an excessive rate of speed under the circumstances;

    k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

    l. Failing to operate his Large Truck in accordance with the Federal Motor Carrier Safety Regulations;

    m. Failing to properly control his Large Truck in light of the circumstances then and there existing;

    n. Failing to make necessary and reasonable observations while operating his Large Truck;

    o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiffs;

    p. Failing to timely and properly apply his brakes;

    q. Violating both the written and unwritten policies, rules, guidelines and regulations of his employer;

    r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    t. Violating FMCSA Regulation 395 dealing with hours of service;

    u. Failing to adhere to the amount of hours limit;

    v. Failing to properly inspect his Large Truck;

    w. Striking the Plaintiffs' vehicle as a result of being on the road for more than the regulated amount of hours;

    x. Striking the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

    y. Consciously choosing to drive over the speed limit;

    z. Consciously choosing to drive over the regulated amount of hours;

    aa. Consciously choosing not to pull his Large Truck over when the regulated amount of hours on the road was met;

    bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

    cc. Consciously choosing to drive at a high rate of speed during rush hour;

    dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;

    ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his large truck; and

    ff. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

9. As a result of the above-stated acts and omissions, the Plaintiffs suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek all damages allowed from Defendants in an amount in excess of $150,000.00 and a jury trial is demanded.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## JACKELINE ESPINOSA RODRIGUEZ and
## LEONARDO DEL TORO v. N L MINICH & SONS, INC.

10. Plaintiffs incorporate the preceding paragraphs of their complaint as if set forth herein at length.

11. Defendant NLM&S had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

12. The Plaintiffs were injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

13. The negligence, carelessness and/or recklessness of NLM&S, individually and through its various employees, servants, agents and/or workers including, but not limited to Stephen Didomenico, consisted of, but is not limited to the following: Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to:

   a. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him uninsurable on a commercial auto insurance policy;

   c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that he was an excluded driver on the commercial auto insurance policy;

   d. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   e. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

   f. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

   g. Hiring and/or continuing to employ the Defendant despite his previous driving record;

h. Failing to have an appropriate disciplinary policy within the company;

i. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

j. Permitting the Defendant to operate a Large Truck when it knew or should have known that he was not properly qualified and/or trained;

k. Failing to train and/or properly train the Defendant prior to allowing him to operate its Large Truck;

l. Allowing the Defendant to operate a Large Truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m. Failing to adopt appropriate employee manuals and/or training procedures;

n. Failing to enforce both the written and unwritten policies of NLM&S;

o. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of NLM&S;

p. Failing to implement and/or enforce an effective safety system;

q. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

r. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Failing to monitor and/or regulate its drivers' actions;

v. Failing to monitor and/or regulate its drivers' hours;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

aa. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

bb. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

cc. Failing to act upon and remedy known violations of FMCSA regulation 395.

14. As a result of the above-stated acts and omissions, the Plaintiffs suffered such harm as has been previously stated herein.

   **WHEREFORE**, the Plaintiffs hereby seek all damages allowed from Defendants in an amount in excess of $150,000.00 and a jury trial is demanded.

Respectfully submitted,

**MORGAN & MORGAN PHILADELPHIA LLC**

By: _____
ALEX NORMAN, ESQUIRE
ID NO.: 205187
2005 Market Street, Suite 350
Philadelphia, PA  19103
**P:** (267) 780-2973
**F:** (267) 780-2958
anorman@forthepeople.com
www.forthepeople.com

Dated: January 20, 2023